Gilmore C. Gulbranson and Dorothy L. Gulbranson v. Commissioner.
Gulbranson v. Commissioner
Docket No. 4504-62.
United States Tax Court
T.C. Memo 1964-313; 1964 Tax Ct. Memo LEXIS 25; 23 T.C.M. (CCH) 1915; T.C.M. (RIA) 64313; December 2, 1964
*25 Held, that expenses incurred by the principal petitioner in attending night law school are not deductible as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954, and the regulations promulgted thereunder, Income Tax Regs., sec. 1.162-5. Gilmore C. Gulbranson, pro se. 12333 S. LaSalle St., Chicago, Ill. Joseph T. de Nicola, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined a deficiency in the income tax of petitioners for the year 1960 in the amount of $143.82. The only issue presented for decision is whether expenses incurred during the year 1960 by petitioner Gilmore C. *26 Gulbranson, for tuition, books and transportation in connection with his attendance at night law school, constitute ordinary and necessary trade or business expenses deductible under section 162 of the Internal Revenue Code of 1954, and the regulations promulgated thereunder, Income Tax Regs., sec. 1.162-5. This Court decided the same issue for the previous year 1959 against these same petitioners, in the case of Gilmore C. Gulbranson and Dorothy L. Gulbranson, Docket No. 93612, T.C. Memo. 1963-205, filed July 31, 1963. Findings of Fact Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits identified therein are incorporated herein by reference. Included in paragraph 2 of said stipulation of facts is an agreement of the parties that "The transcript of the proceedings * * * [of the abovementioned 1959 case of the petitioners] is incorporated herein and made a part hereof * * * [and the] testimony of the witnesses in said proceeding may be used in this case as though the several witnesses had appeared in this case and testified." During the year 1960, the petitioners *27 were husband and wife residing in Chicago, Illinois. They filed a joint Federal income tax return for that year with the district director of internal revenue at Chicago. Dorothy is a party herein only because she joined in the filing of said joint return. The term "petitioner" will herein refer solely to Gilmore C. Gulbranson. Petitioner graduated from the University of Wisconsin in June 1956, with a Bachelor of Science degree. During summer vacation periods while in college, petitioner had been employed by various firms as an insurance salesman or underwriter. He served in the armed forces after graduating from college. In August 1958 petitioner accepted employment in Chicago with Edward E. Novak; and he continued to be so employed during 1959 and 1960, and until June 1, 1963. Novak was a practing attorney at law, who also was engaged in a real estate business operated under the name of Novak Realty Company, and as an appraiser, an insurance broker and a real estate broker. Petitioner assisted Novak in various phases of the latter's several businesses, stating on his return for the year involved that he was employed by the Novak Realty Company. He met the minimum requirements *28 for this work at the time he was hired by Novak; and the latter did not require that he attend law school as a condition of employment. He had no formal legal training prior to being so employed. Petitioner began night law school at John Marshall Law School in Chicago in February 1959, which was about 6 months after Novak had employed him. He there enrolled in the evening division; and he took the standard curriculum for night law students, including courses in Pleading; Philosophy of Law; Legal Writing; Personal Property which included Sales and Bailments; Personal and Domestic Relations; Agency and Partnerships; Damages; Conflict of Laws; Insurance; and Real Property. Petitioner attended the John Marshall Law School during the academic years 1958-1959 (2d semester), 1959-1960, 1960-1961, 1961-1962, and also during summer sessions in 1959, 1960 and 1962. He never graduated from said school. In July 1962, he was dismissed from the law school because of scholastic difficulties. Thereafter in September 1963, he was readmitted to John Marshall Law School, and attended classes during the first semester of the 1963-1964 academic year. But after this one semester, he again was dismissed *29 from said school in February 1964, because of scholastic difficulties; and he has not attended any law school at any time since. He has not been admitted to the Bar. At the time petitioner entered said law school, it was his intention to obtain a legal degree and take the Illinois Bar examination. He was not required by Novak to attend law school as a condition to continuing his employment during the year here involved; and although he received yearly salary increases from Novak, these increases were not related to his attending law school. In compliance with the "Regulations [of John Marshall Law School] Governing Admission of Students with Scholastic Deficiencies," petitioner submitted a petition for readmission to that law school in January 1963; and he therein set forth the following reasons that had motivated his desire to study law: 1. As a child I can remember my father speaking about the legal profession as one of ascription. 2. I've always been interested in the law and how it effects [effect] society. 3. Lawyers are usually leaders of respect and honor and this is an achievement that I would like to gain. 4. In the white collar group of which I am a part the *30 lawyer is best able to cope with and master problems of every day living in the business world. 5. Most legislators are lawyers and it is my wish to some day be a member of government in this capacity. 6. Some laws need changing and I believe that as a lawyer I will be best able to help change the particular laws about which I have very strong and well considered ideas. 7. Law as a field is more vast and challenging than anything else that I can think about and dwell upon with interest and zest. 8. Before I committed myself to law many people cited the persuasiveness of my speech as a reason why I would be a good lawyer. Novak's place of business was located on the south side of Chicago; and John Marshall Law School was located in downtown Chicago. Petitioner used transportation to and from his law school classes, and during the year 1960 he incurred expenses of $151.98 for such transportation. In addition, he expended $562.23 for tuition and books at John Marshall Law School in 1960. In the 1960 joint return which petitioner filed with his wife, he deducted the above amounts for transportation, tuition, and books. The respondent, in his statutory notice of deficiency *31 herein, disallowed these claimed deductions. Finding of Ultimate Fact Petitioner's primary purpose in attending law school during the taxable year involved, was to fulfill his general educational aspirations and to acquire a new skill or profession. Opinion Petitioner contends that the expenses he incurred during 1960 in attending night law school, are deductible under section 162(a) of the 1954 Code, and the regulations promulgated thereunder - both of which, to the extent here pertinent, are set forth in the margin. [1]
*32 In the above-mentioned prior case involving the same petitioners for the year 1959, we decided the identical issue against the petitioners. We believe that the same result is called for here. We are convinced from our examination and weighing of all the evidence, that the primary purpose of petitioner in attending law school was not to maintain or improve skills for his existing employment; but rather that such primary purpose was to acquire a new skill or profession - that of a lawyer - and we have hereinabove made a finding of ultimate fact to that effect. At the time petitioner was hired by Novak and also during the taxable year here involved, he possessed whatever qualifications for his work were deemed necessary by that employer; and he was not required to take any legal training, either as a condition to obtaining or continuing his employment by Novak. Also, the principal reasons which motivated him to undertake the study of law were set forth in his application for readmission to the law school; and these show unmistakably that his primary purpose was to fulfill his general educational aspirations and to acquire a new skill or profession. We therefore sustain the determination *33 of the Commissioner that the expenses here involved do not constitute allowable deductions under section 162 or any other section of the Internal Revenue Code of 1954. Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code of 1954. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * Income Tax Regs. § 1.162-5. Expenses for education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment * * *, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * *
(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken * * * primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * *↩